Good morning. May it please the court, Alice Luster on behalf of the warden. With the court's permission, I would like to reserve five minutes of my time for rebuttal. Please watch the clock. I will. Thank you, Your Honor. The question before this court is whether or not a retrospective hearing on petitioner's competence is feasible. In answering this question in the Odle case, this court looked to the existence of expert witnesses who testified at trial, as well as experts who had subsequently examined the petitioner and submitted declarations regarding his competence. Moreover, medical records, psychiatric reports and jail records that had been submitted at trial, the court found that they were still available and said, given this old and new evidence, it is not unreasonable to conclude that a fair retroactive hearing could be conducted. Can I ask you a question? You said new evidence. Is there new evidence in this case? Your Honor, new evidence could be more detailed. Is there new evidence in this case? We don't know, Your Honor. Okay. You didn't make a record that there was any new evidence? No, Your Honor. Okay. Because we were asked by the district court to respond to what was in the record, what the record demonstrated was available. You could have said to the district court, well, there's a witness or one of these three experts are still alive or available to testify, but there's nothing in this record to suggest any new evidence, correct? Well, to that extent, Your Honor, we did suggest that the trial counsel, prosecutor, judge and possibly the defense investigator would be available and are still alive to our knowledge. Okay. But you don't have any suggestion that they have any evidence? No, I don't have any declarations from them. Okay. I didn't mean to cut you off. You said new evidence, and I was wondering whether I missed something. No, Your Honor. That was referencing what the court held in Odall. Yes. And we think in this case, however, indications are from the records that were presented at trial and that have subsequently been presented in support of this hearing that there might very well be additional evidence. For example, the report of Dr. Horsfang. At trial, he made what the district court criticized as basically a one-sentence statement that Taylor was competent. The court criticized it because he was not asked to determine competence and that one such a determination. However, we would submit that in a hearing on remand that Dr. Horsfang, it seems highly unlikely, would have made a statement of competence if he did not have records and documents. When you talk about in a hearing, do you mean if you had a hearing now, he could come testify? Yes, Your Honor. So do you have evidence that he has a recollection and is able to come testify? I think this is a similar question to what Judge Hurwitz was asking. Yes. Your Honor, we have not spoken directly to Dr. Horsfang, so I cannot say specifically however he would have his records. So I'm confused about this because it seemed that you were criticizing the district court for cutting off your opportunity to present such evidence of witness availability to testify. But if you didn't try to find out if they could testify and offer anything, then how can you criticize the district court for not letting you submit evidence that you didn't have? Well, Your Honor, it's our position that the evidence needs to be submitted to the State court in an actual hearing. Let me ask you a question about that. Yes. Why? Why wouldn't the competency hearing be in front of the district court? This is a pre-EDPA case. If the district court would be entitled to take evidence, we've got some previous case law where the district court actually held the competency hearing. Why would it have to go back to State court? Your Honor, certainly there are cases where this court and district courts in other jurisdictions have held the hearings themselves. But we think under Odal and another more recent case that I discovered this weekend that neither party cited, the Stanley case from 2011, that this court has in fact, it seems to be moving more towards sending them back to the State courts, which even prior to EDPA, the Supreme Court is. But isn't there a threshold question of whether the competency hearing is feasible? And aren't there several cases in which the Supreme Court or our court has made that determination, not ask the State court to make that threshold determination? That's correct, Your Honor. The district courts have and this court has upheld decisions by the district courts determining whether it's feasible. However, we submit that the feasibility determination is best made by the court who will be doing the hearing. We're talking about best practices, and what I want to know, the question whether there was a due process violation was determined by the district court and you're not challenging it. And so now we're just talking about the remedy. That's correct. So my question is, have you identified or can you identify any legal error that the district court made in exercising its discretion to say it wasn't feasible? We have three Supreme Court cases saying a retrospective competency hearing isn't feasible, and none of them were 30 years. They were all much shorter than that. So what legal error did the district court make? Well, Your Honor, I think the Supreme Court cases have all indicated or failed to indicate that a retrospective hearing would be impossible. Exactly. It's possible, but the district court in this case determined it was not. And what legal error did the district court make in making that determination? Thank you. Your Honor, I think the district court's error in this case was essentially taking a case that is virtually identical to Odal in terms of the types of evidence that appears to be available and yet found that it was not feasible for the two reasons stated in the order are that there were the elapsed time, which is, we admit, greater than in Odal. But then the court also said that there was no contemporaneous medical records fully evaluating Petitioner's competency. But isn't that true? Dr. H, I can't pronounce his name, Dr. H evaluates this defendant for purposes of a mitigation defense and says in one sentence, he appears to understand the nature of the proceedings against him. District court says there's no record fully evaluating. That's an accurate statement, is there not? Is it not? That is correct in terms of what was presented in the court. Well, sure. Yes, Your Honor. So what we have so I guess my question, similar to Judge Akuta's, is the district judge looked at the age of the case and looked at the contemporaneous evidence, which was to say the report of Dr. H and the reports of the two testifying witnesses. Was there any other contemporaneous evidence that the district court ignored? Well, Your Honor, the district court did not take into consideration or at least did not discuss the records that were relied upon by these various experts. I'm asking you, was there any other contemporaneous evidence before the district judge that he ignored? In terms of an assessment, no, Your Honor. Because the district judge looked at the factors we've identified. The district judge looked at the age of the case and the contemporaneous evidence. So my question is, how do we review that decision? Well, the problem, Your Honor, is that the district court's How do we review that decision? Well, this court reviews de novo any decision by the district court. Really? Why is that? When the judge looks at facts and weighs them and reaches a conclusion, why isn't our review for abuse of discretion? Do you have any Ninth Circuit case that says under this circumstance we review de novo? No, Your Honor. Other than just the general review on habeas is de novo review of a district court's decision. Was that true pre-EDPA when the judge made factual determinations? Yes, Your Honor. It was de novo review. When the judge made a determination on the facts pre-EDPA, was it de novo review? I thought our case law suggested that pre-EDPA, when judges actually held evidentiary hearings, we reviewed their findings for evidentiary findings for abuse of discretion, but their legal findings de novo. Yes. I'm sorry. I may have misunderstood your question. But isn't this essentially a factual finding that on this record it would not be feasible, if you will, to reconstruct a competency hearing? Yes, Your Honor. And to the extent that abuse of discretion does apply here, we submit that it has the district court did abuse its discretion. Well, that's when I get back to Judge Akuta's question. She's identified the correct legal standard, cited the cases, took the two factors that we've identified into account. He may have weighed them incorrectly. I might have reached a different decision. But why is that abuse of discretion? Because, Your Honor, he did not take these the court's factors into account correctly, because he appears to require that there have been a contemporaneous medical record fully evaluating Petitioner's competency, and that is not required. Odle had no report. He didn't say that. He just said that. Dr. Horsfang's, or however you pronounce his name, one sentence was insufficient. He didn't actually say there's not enough information because there's no full-scale competency. I believe it's at the excerpts of record, page 13, Your Honor. What did he say? In addition to noting the time, he said, quote, no contemporaneous medical records fully evaluating Petitioner's competency. He specifically referenced that. I'm sorry? Did he say that was required? He did not say that that was required, but that was the that was that factor in addition to the time were the two factors that he referenced. But isn't that a factor that he's entitled to take into account? For example, had there been a contemporaneous record fully evaluating this defendant's competency, that would have weighed heavily on your side of the scale. Now, you don't have one that fully evaluates it, so as he looks at the scale, he says that's not, that doesn't tip it. But I think, Your Honor, the problem with the district court's decision here is then when you look back at this court's holding in Odle, Odle had from, at least from what is in the opinion, no determination finding that he was competent. But Odle had all of these witnesses who were submitting declarations at the time that it was being considered whether there could be a competency hearing. So there were many witnesses who seemed to have had a recollection of the defendant at the time of trial. You have just told us earlier that you don't have any idea whether you have any such witnesses here. But we know, at least, Your Honor, from what we did present in court, that there is every indication that several significant witnesses are still alive, that the records. But if they're alive, being alive doesn't mean they have enough recollection of 30 years ago to testify in any meaningful way. You don't need to ask them whether they remember anything? And certainly, Your Honor, if we had had that, that might have been. But you could have, right? What stopped you from submitting declarations just like they did in Odle? Odle, it sounds like there were six or so declarations from people saying we could testify as does the defendant's state of mind. But, Your Honor, I think to that extent, another prong of, I think, where the case ties in with that in that, in this case, in the petition itself, in support of their petition, Taylor offered a 1996, I believe, declaration of a Dr. George Woods going to his competency, which shows that Taylor himself is relying on retrospective assessments, presumably based on all of the same things that we would look at if we went back to this hearing. I think Taylor's case doesn't involve making out the absence of his competency. His case involved making out the question of whether there were sufficient indications before the trial judge to have a sua sponte competency hearing. So I'm not sure what this declaration that gets submitted has any, why it has any relevance to this case. The relevance it has, Your Honor, is that Taylor himself is putting forth an expert who's a — I understand he's putting forth an expert. My question is — You assessed competency after the fact, based on the same things that the State is now asking for an opportunity to assess. But my point is that that declaration is not — would not be relevant to the district court's determination that a sua sponte competency hearing is required, would it? It certainly could, yes, Your Honor. How could it? Do you mean we would say to a district judge, even though the record, or trial judge in your case, even though the record is clear, it doesn't suggest incompetency, I've now got an expert from 30 years ago who thinks he wasn't and, therefore, you should have sua sponte had a competency hearing? That's not your position, is it? No, Your Honor. Our position is that the State should have the opportunity to seek to establish competency in the State trial court. Why didn't you — I'm so interested in your answer to Judge Friedland's question. Why didn't you attempt to present any such evidence to the district judge? Your Honor, all I can say is that — Not you, but your — Right. Is that when the district court directed further briefing, it asked — it instructed the parties to brief the feasibility, citing language from Odal, that if the record contains sufficient information, and typically the cases that have involved this and looked at feasibility have looked at what is currently in the record. Can I ask you an entirely unrelated question? Certainly, Your Honor. As I read the California Supreme Court's recent decisions, they seem to have established in cases like this a very strong presumption against retrospective hearings. Do I read them wrong? No, Your Honor. I think the most recent case that was cited as supplemental authority, I think, does indicate, and as the U.S. Supreme Court has said, these are difficult cases to do. I guess I'm asking, do you really think you're going to get a different result if you go back to state court? We may very well, Your Honor, because this case, very much like Odal, has extensive medical evidence in the record from the time — But Odal had all those declarations submitted from people who — it was 16 years old who said, I remember, and here's what's gone on. We don't have that here, do we? And, Your Honor, and if we go back to the state court and we don't have that and these witnesses come in and cannot remember, then the state court will presumably find him not competent or will find that it is not fact-feasible once all of the evidence is presented, and then the district court's order granting the writ takes place. What's the district court's job here on this retrospective hearing? See, you seem to be suggesting that the court should, in the absence of any strong current evidence of competency, of retrospective competency, nonetheless send it back for the state court to conduct that inquiry. And our cases seem to suggest it's the district court's job to conduct that preliminary inquiry about whether or not a retrospective competency hearing is feasible. What's your view on that? What is the district court's job? Your Honor, the district court's job certainly is to determine whether or not a constitutional error occurred, which they did. Yes. In finding that — Right. We all agree, and you don't contest that. No. We do not contest that. However, we think once that is done, then the district court's job at most is to simply review and determine if records exist, contemporaneous records from the time exist. Isn't that contrary to at least some of our cases where we say, no, the court's got to look at the age of the case and the records and determine whether or not — I mean, you seem to be taking the position at once, having found an absence of competency or find that the judge should have held the hearing, in the absence of — in the absence of any real evidence of — any real evidence that's in the record that shows the deals of this, the district court's job is to send it back so that the state court should make that determination. And I read our cases slightly differently. I think the district court has to make a threshold determination. And, Your Honor, I think perhaps maybe as a hypothetical, the state would certainly envision if, for example, it has been even just two years since a trial, and it's determined that no hearing, there was something that occurred that should have raised a doubt and that a hearing should have been held, but that a review of the record had never been assessed, had never been tested, had never been hospitalized, had never, prior to the trial, had anyone say anything that caused them to think that he had any mental health issues. In that case, the district court certainly could say, there are no contemporary — there appear to be no contemporaneous medical records on which an assessment could be made. But your view is that if there is any record, then the district court abuses — if at least, assuming an abuse of discretion standard, the district court abuses its discretion by not sending it back to the state court to make the initial determination about whether or not a retrospective hearing is feasible? Yes, Your Honor, particularly in this case where there is a voluminous amount of contemporaneous medical records available, either directly in the record through testimony or through testimony directly in the record, and which might constitute new evidence, as you were asking about, in the terms of an expert referring to, I reviewed, you know, statements of family members. So we've sometimes affirmed district courts doing feasibility determinations. Sometimes we've said it's appropriate to send it to the state. Is there any case in any circuit saying that a district court must send this issue to the state to make a feasibility determination? Not that I'm aware of, Your Honor. I did not find anything that said that. So how could it be an abuse of discretion not to? I think the abuse of discretion that we think occurred here, Your Honor, is because of the voluminous nature of the records and the courts — the district courts seeming focused on the fact that there was no competence — no extensive competence finding. It was feasible. You're arguing that it was feasible, not that the state court had to determine whether it was feasible. If you don't have a case that says the state court has to determine whether it's feasible, I don't see how it could be an error to decide it in the district court. Well, and, you know, we would not dispute that this court's case law certainly allows the district court to make that. We think it is better made in the trial court that is going to actually conduct the hearing. We think that's the — Can I ask — I'm sorry. Can I ask you a different question? Yes. So on page 27 of Taylor's brief, Taylor describes changes in medication that happened after Dr. Hortsvang did his examination. So the red brief says that Taylor started taking Haldol and antipsychotic medication and — I don't know how to say these things — Saniquan and antidepressant. You didn't have a response that I could see in your reply brief to that. Do you agree that those medication changes happened? Your Honor, I have no indication they did not. So if he changed his medication, then how do we know that Dr. Hortsvang's evaluation was still valid? And, Your Honor, that would be why we would have a hearing to let Dr. Hortsvang add that assessment into his considerations. But do you even know if Dr. Hortsvang is competent himself at this point? We don't. But even if he is not, Your Honor, experts routinely rely on records of other experts and testing of other experts all the time in making assessments. And there's no reason to think that an expert such as Taylor did with Dr. Woods later could not go back, look at those records, look at Dr. Hortsvang's records, his notes, the things that went into his assessment that Taylor was competent at the time, then factor in the later addition of medicine and make a determination. So when the district court said that you needed to brief whether it would be feasible to have a hearing or what the remedy should be, why didn't you submit something saying we have an expert who can reconstruct this and explain why these medications made no difference? If you didn't offer any such evidence to the district court, then how is it an abusive discretion for the district court to think that it's not possible? And, Your Honor, the only thing I can say is clearly given the district court's statements in its final order and this court's concerns, we may have misinterpreted what the district court was asking us for. As I indicated, what the district court's order on the briefing was to tell it what was in the record. Let me ask you, you keep talking about voluminous records. What voluminous records are there? We've got... You have the testimony of the two experts at trial from which the district court concluded that a reasonable question arose as to Mr. Taylor's competency in a finding you don't challenge on appeal. So the trial testimony surely doesn't establish his competency. And you have Dr. H's report. What other voluminous records are there? We've got, Your Honor, we know from the record that Taylor's mental health was evaluated one month before the crimes and again shortly before and during the crimes. I'm asking you what other voluminous records are there? Well, the records would be all of these. Do you know that they exist? Yes, Your Honor. I believe as far as I know they do. I have not seen them, Your Honor, personally. You keep referring to voluminous records. And if I had a voluminous record in front of me, I could say, well, my gosh, you're right. But so far, the only records we have in front of us are Dr. H's report and the trial testimony of the two experts, correct? Except that all of the expert reports and if you look in the attachments, they talk about this long list of large numbers of documents that they reviewed. Where would those be? Pardon? Where are they, those documents? They would be with the experts. Presumably Taylor also has them. I've never run across a capital case yet that did that the experts did not have the records upon which they based it. Neither have I. And that's what makes this disturbing. You could have made a record for us from which we could have said, you're right, there's a bunch of stuff here from which a competent or for the district judge. But all the district judge had in front of him was the report and the two trial experts' testimony, right? Except that the, I believe the testimony itself refers to what documents were reviewed. But that doesn't mean anyone still has them or that the building didn't burn down. I mean, we have no idea. It's been 30 years whether those documents still exist. But I think, Your Honor, in the absence of any indication that they don't exist, we should have the opportunity to have a hearing and present them. And that's all the state is asking for, is an opportunity to go back to the state court, bring in these documents, and proceed. And if, in fact, the court cannot conduct a hearing, then the district court's order takes place, the writ issues, and the state will have to proceed with a new trial with a current competency finding, which would involve, necessitate much of the same review that would be involved in a retrospective finding. And I see I'm down to my rebuttal time, if you may reserve the rest. Thank you. Good morning, Your Honors. Kelly Woodruff on behalf of Appellee Freddie Lee Taylor. I'm going to focus my argument on two somewhat distinct questions. The first, as I believe all of you have honed in on, is whose determination – which court makes the determination of feasibility?   And there is – as counsel has conceded, there is not a single case that anybody has located anywhere in this country that has said that the state court has to make the determination. And quite frankly, that's counterintuitive, because if a state court made the determination, it is still concerning a federal due process claim that would ultimately need to be reviewed by the district court in this court. Well, it may be counterintuitive, but we've sent cases back to state courts. In the past, have we not? The only case that I'm aware of that sent it back to the state court for the feasibility determination in the first place was the Odle case, which was a completely different procedural posture here. Sure. But whether the procedural posture is different or not, if it were – if you shouldn't send back the federal constitutional problem to the state court, then Odle is wrong. No, no, no. Of course, that – I apologize if that's what I – The constitutional issue has already been determined. The federal constitutional issue is that there was a due process violation. We're now only considering the remedy. So I'm not sure where you're finding a problem with having the state determine the feasibility of a retrospective competency hearing. That's not a constitutional issue anymore. I don't necessarily find the state determining feasibility in the first place to be a constitutional issue. My point is, is that that's certainly not required. In this case, the district court specifically asked for this issue to be briefed and the district court specifically said, I am going to be making the determination, this threshold determination of whether or not it is feasible in this case, and I made factual findings that it is not, and I determined that it is not feasible. Well, if I were going to rephrase the state's argument, it would be, gee, we didn't understand that the district court wanted us to make a record on this. We thought the district court only wanted us to argue from the existing record before it, and we ought to have the opportunity to make a record. So I guess my question is, why shouldn't we send it back to the district court to let them attempt to make a record? Because they had that opportunity, and as Your Honors have all pointed out, they have not pointed to any error. You still haven't addressed my question. My question is, they said, based on the order from the district judge, we didn't interpret that as thinking that we could bring forth, we could make a record. We thought we were stuck with the record. No, I understand. But counsel's error in interpreting an order doesn't make error. Well, why is that an error? Because that's not what the court said. The court said, I am deferring a remedy until the parties meet and confer and decide on a briefing, because under ODAL, if there is sufficient evidence in the record to make a meaningful competency determination, then we can have a competency hearing. And ODAL has, ODAL itself did not focus only on the evidence in the record from 18 years before. ODAL had contemporary, had new evidence and old evidence that specifically says that in the case. And that is what Judge Chen was saying he was looking for. I'm looking to determine, give me what information is out there, and I'm going to make the determination of whether or not it's feasible. And he had every right to do that. And my point about whether or not you could remand to the state court, in ODAL, recall that that determination was never made at the district court in the first place. The district court in ODAL did not find that there was any error in the first place. And so this court reversed that finding, and then made the threshold determination that the state court can make the first feasibility determination. Do you think the PATE cases are on-off wars, or is there some distinction? The PATE cases? In other words, when we're looking at PATE error, we're looking at really a different question than we're looking at competency to stand trial, are we not? Substantively correct. PATE error is the procedural due process violation, where if he were actually tried while incompetent, that's the substantive due process. Right. So my question is, are the PATE cases exactly on point on this retrospective determination issue, or are they somehow distinguishable? I mean, it's a good question. Most of the PATE question, PATE cases, have both aspects determined. So, for example, the newest case from the California Supreme Court, the Rodas case, the vast majority of the opinion goes through the PATE error, as did our court, why there was PATE error, why there was all of this evidence that should have led a reasonable jurist to determine that there should have been a competency hearing in the first place. But then they go to the remedy, and the law, I believe, is undisputed in this entire country, that there is a threshold determination of whether or not a retrospective competency hearing is feasible. That's a threshold. I guess, I'm sorry, I don't mean to be obscure of my question. I'm just wondering whether it may be easier to reconstruct the record in a PATE context, where the only question is understanding what you, understanding the precise question, as opposed to your general competency to stand trial. Cases don't make that distinction. I'm just wondering whether or not you think there is one. I'll be honest, I'm not sure I understand the distinction or the question, because PATE is actually, itself, a good example. In the PATE case, the district court found no error, no substantive due process violation at all. There was no indication, according to the district court in that case, that he had been tried while incompetent, he being the defendant. The Seventh Circuit reversed the district court and said, no, no, no, we find what is now being called PATE error. We believe that the trial court at that time should have determined that there was a reasonable doubt about whether or not this defendant was competent, and therefore suspended proceedings and held a full-blown evidentiary hearing on his competence. The Supreme Court affirmed that aspect of the Seventh Circuit's decision establishing what is now commonly referred to as PATE error, and then the court went further and said, we have been asked. The state in that case, I believe it was Illinois, the state in that case is asking us to remand it for a retrospective competency hearing, and our view is, no. Because at this point, nobody can see, because it was six years ago, nobody can evaluate and provide evidence about whether or not he was competent six years ago. And so, no, we are saying that you can't do that. And that was six years ago, as opposed to almost 33 years ago in that case. In this case, there was a report that was contemporaneous where the doctor said he's competent. The district court said that's not good enough, it's too short. But we've never held that the length of a statement on competence made any difference, and we've upheld that as being sufficient when it was fairly brief. Why wasn't that an error to discount Dr. H's conclusion without just brushing it away without any consideration? I'll have three responses. First is, I don't believe that this court has ever found that a single sentence in a six-page report is sufficient. In fact, quite the opposite. The Torres case was similar. There was a mental health evaluation where there was a single sentence that referenced something about competency, and the court said, no, that is not sufficient. So that's one. Two is that Dr. Hortsvang's one sentence doesn't specifically address competency. Not only was he not engaged and retained to do a competency evaluation, which we all know has very specific things that the court is looking for, but all that Dr. Hortsvang says is something to the effect of that I believe he could stand trial. That could mean that he's not going to flip out during trial. Let's assume that this was a case in which a retrospective competency hearing were feasible. Whose burden would it be at that hearing to establish either competency or lack of competency? It would be Taylor's burden to establish lack of competency. It's the prosecution's burden to establish that a retrospective hearing is feasible at this point, and then at least in this state, So let's assume, I'm just imagining this hearing and you would bring forth the expert whose declaration or report you submitted to the district court who said I don't think he was competent at the time. And could they then bring in Dr. H's report to say, well, here's some contemporaneous evidence that he was? I mean, it is a good question. One, the state has not offered any evidence that the expert that Taylor hired 20 years ago to evaluate his competency is even available today. Again, the state was given seven months to provide that. But it's your burden. I'm going back to a real hearing now. Let's assume some court were going to hold a competency hearing. Presumably, you'd have to come in and destroy your initial burden to show that your client wasn't competent at the time, right? Exactly. Okay. And then they come back and say, well, we've got this piece of paper. I don't know whether they actually have the doctor or anything else. And he said, gee, I observed him at the time, and he seems to understand what's going on, and there's no reason why he couldn't stand trial. On the basis of, let's just assume the expert report you have in the record and that, could a trial judge find that your client was competent to stand trial at the time? I honestly do not know the answer to that. I would guess, like any trial court, would have to weigh the evidence and would have to determine the credibility of the two experts and Dr. Hortzfang, if he is alive, is well into his 90s. I don't know if he is alive. I don't either, but I guess I'm saying it's not impossible because you have to demonstrate that your client wasn't competent at the time, so you have to do you have to recreate the record retrospectively. Which is what we're saying, is constitutionally we cannot do that. It would be constitutionally unfair to put that burden on Mr. Taylor at this point, 33 years later, when the state has not met its threshold burden of showing that it is even remotely feasible. You were relying on California law for the proposition that it's the state's burden to show feasibility? I believe that the federal precedent, the Supreme Court precedent is that it does not violate constitutional norms to if a state requires the defendant to prove incompetency. But you think it's the state's burden here to prove that a competency hearing would be feasible? Correct. And what are you relying on for that? Lots of California Supreme Court cases, the Rodas case most recently but the Arey case, but also the federal cases from this circuit for example the McMurtry case, which is much more on point, by the way, than the Odall case the McMurtry case had a competency evaluation done four months prior to trial and this court held that that was not sufficient there was both new and old evidence and this court said a retrospective competency hearing is not feasible in this case. And did the court specifically say it was the state's burden or just kind of evaluated it without a burden analysis? I believe that the court evaluated it without a burden analysis in McMurtry. I believe that there are other cases perhaps cited in our brief that do establish that it's the state's burden to prove feasibility. On the standard of review issue any Ninth Circuit law that's helpful in other words how do we review the judge's determination in this case that a retrospective hearing shouldn't be held? Yeah, absolutely, Your Honor as I believe it was you that pointed out, that's a factual finding. No, I understand, but that's not Ninth Circuit law that's me riffing. So tell me, do you have a Ninth Circuit case that says that this kind of determination is reviewed for abuse of discretion? I believe it's Burton vs. Davis, 816 F3rd. Well, Burton is not a retrospective competency determination, is it? I believe that the Burton case determined feasibility. In other words, I agree when the district court, do you think Burton says we review the district court's  competency determination for abuse of discretion? Oh, that, no. Burton does not say that. What Burton says is the factual findings that the court made. Right, right. So but my question is is there any Ninth Circuit, there seems to be some Fifth Circuit law on this topic. There's, yeah. But is there any Ninth Circuit law on this topic? Not directly on this that we've been able to locate, no. How about on a remedy? I mean, the thing that makes this case stand out is it's a remedy for a constitutional violation less than requiring retrial or release. So do we have any other cases that indicate how we review a remedy for a constitutional violation? Not off the top of my head. I would be certainly happy to look at that and I would like, I can't think of anything off the top of my head. What I think probably what distinguishes this case is it's not so much a remedy as much as a deferral of a remedy, right? In this case, the district court granted the writ essentially conditionally upon the state showing that it was feasible to determine whether or not he was actually competent or incompetent at the time of trial. And when the state failed to meet its burden that the district court established for it by not coming up with any evidence in the record or not coming up with any new evidence to show that any of the witnesses that they're speculating about are available to provide meaningful testimony, the district court said, no, this was now a constitutional violation that cannot be cured by looking back 33 years ago to determine whether or not he was actually substantively deprived of due process because he was tried while incompetent. So I'm not sure I'm answering your question in that respect as to a specific remedy, but this in and of itself is a constitutional violation. It sort of brings me back to what I thought was going to be my first point, which is it's not prohibited to let the state make the feasibility determination by a long shot, but if the state in this case were to determine that it was feasible and then to hold a retrospective competency hearing, that in and of itself would then create a new federal claim because then Taylor would say, wait, now again I'm... No, but you could exhaust that claim, almost surely win it in the California Supreme Court as I read their precedents, and if you lost it, come back to the district court. So the fact that a new constitutional claim, when we send cases back for retrial, new constitutional claims may be created all the time. Certainly, certainly, but again, there is not a single case anywhere in this country that says that the district court can't make that determination in the first place, and the district court is the court that had the claim, and the district court said as a matter of constitutional due process, I cannot find, I make factual findings that there is no contemporaneous medical evidence, contemporaneous meaning under the McMurtry standard. That was wrong, though, wasn't it? I mean, to the extent that the district court made that finding, which I didn't read it as making that finding, the district court said the evidence that exists was insufficient, because there certainly was evidence that was analogous to the evidence in other cases that the courts have said it was feasible to then go back and have a retroactive hearing. So the question is whether the district court's assessment of the evidence was an error, whether that's abuse of discretion, or whether we're looking at it de novo. I do not believe that there is any case remotely close to this. The judge made a factual finding that Dr. Hortzfang's one sentence Is that a factual finding? That's just, he said his conclusion was he was competent, and the court said, because it's only too brief, that's not enough. I'm not sure what makes that of the district court's determination that a competency conclusion has to be longer. I'm not sure where that came from, because I haven't seen any case so holding. Maybe you can refer me to one. So the district court did not say that the sentence was too short. The district court said that this was not contemporaneous medical evaluation specifically directed to competency, and it wasn't. Dr. Hortzfang was not That sounds like an error to me when the doctor says he is competent. I'm not sure why the district court knows that a doctor, an expert, who's evaluated an individual for mental issues, who then says he is competent. I'm not sure what the basis is for saying that it's not enough to say that the person is competent. The doctor did not say he was competent. The doctor said he could stand trial, which is not an evaluation of competency, which, as we all know, it requires a rational understanding of the nature and the proceedings against him and the ability to assist in his defense. Dr. Hortzfang said none of that. You read his entire report. He did not ever ask in his report, it doesn't say anything about him, asking Taylor about the proceedings, asking Taylor about the role of counsel, asking Taylor about what sort of defenses are you discussing with your counsel. He did not make any competency determination. This is a hypothetical, so you don't have to tell me this is not what happened here. Let's assume that Dr. Hortzfang's report said although you haven't retained me to determine his competency, he appears competent. One sentence. Under that circumstance, what should the district court do? I think the district court was well, well, well within its discretion, if not mandated by Supreme Court precedents, to say that was not sufficient. Not what the district court did in this case. I'm asking you if the report said although you haven't retained me, I think he was competent. Why isn't that some contemporaneous evidence of his competence? Your Honor, it would be. I'll take it one step further and say what if Dr. Hortzfang's report said I was evaluated to determine whether or not we could claim an insanity defense at the time of the crime, which is what he was retained for, and by the way, I think he is competent. I asked him all of these questions and I think he is competent to stand trial. That report and that analysis was conducted at earliest four months and as late as six months before trial, and the McMurtry case from this court says a competency evaluation conducted four months prior to the trial is not sufficient to determine that a retrospective competency hearing is feasible. So under your hypothetical, even if that was the evidence in front of the district court in this case, the district court and the state has not come remotely close to showing how the district court has abused its discretion in looking at all of those factors, the Clayton factors or the McMurtry factors that this court has said and determined that it is not constitutionally feasible. And McMurtry, wasn't there actually an evidentiary hearing held in 13 years after the fact? There was. There was. In the state court. In state court. Correct. So wasn't, in that case, was the judge the judge the habeas judge, if you will, was reviewing a real hearing to determine whether it was one that could possibly reconstruct competency at the time, as opposed to predicting whether a hearing could be held? That is correct. That is correct. In that case, this court, the Ninth Circuit, held Yeah, we were the habeas court in effect because the district court had turned down relief. Exactly. So in that case, there was abundant evidence in that case about competency. So not only was there contemporaneous evidence about McMurtry's competency from the time of trial, but the very same judge, the trial judge who tried the McMurtry criminal case was the judge who held the evidentiary hearing 13 years later. At that evidentiary hearing, there were, I believe, at least two of the doctors who had evaluated McMurtry prior to trial testified at the retrospective competency hearing. Both of McMurtry's lawyers testified at the competency hearing. Yeah, I guess my point is I'm not sure there's any evidence in this case that the state could do better than it did in McMurtry. The state seems to have done pretty well in McMurtry, and nonetheless, we view that as not enough. That is precisely the point, Your Honor. The state could have adduced, the district court gave the state ample opportunity to adduce whatever evidence it could. The state could have come up with a declaration that said I, as a medical expert, can review Dr. Hortzvang's notes, his report, and I'm of the opinion about his competency. It could have come up with declarations from the attorneys to say I could give meaningful testimony about this retrospectively. They could have done anything. They did nothing. They offered nothing to the district court other than their speculation that maybe some of these people might still be alive, and maybe some of these people are not senile, and maybe some of these people, well, they didn't meet their burden. And now they're coming to this court to say that the district court committed some error when the district court committed no error. I don't believe as I was sitting there that I heard counsel answer your question at all is how did the district court err on this case? Let me ask you what's troublesome about this case and see if you can respond to it. Probably can't. It may just be in the nature of things. This is a brutal murder 30 years ago. On this record, at least, not much suggestion that your client got an unfair trial other than the absence of competency. In other words, no suggestion that there's evidence of innocence or that he didn't do it. And because of an error the trial court made 30 years ago, you know, in effect, this conviction is going to be set aside. State says, well, before you do that, why don't you give us a chance to see whether we can show that he was competent? So that's the hard part of the case for me. Can you respond to that? I can. The district court in this case only addressed in the initial set of the procedural posture that we were in only addressed forgive me, I can't remember precisely. Didn't take up your other arguments, I understand. Exactly. I believe we addressed three claims. So we had sort of a convoluted process where we first addressed guilt-based record-based claims. So he didn't want to get Judge Chin did not want to get to the guilt-phase claims that would have required an evidentiary hearing and we didn't even begin to discuss the penalty-phase claims. So we have over 38 claims in the case and the district court has only resolved three of them. So it's not just that somebody is going to be set free in a brutal murder. The state is being given the opportunity to retry him. And I suppose they could do so on the record. Retry him on the record? Yeah. Well, they could introduce the record of the last trial. Everybody was subject to cross-examination and had hearings. They could retry him. They could retry him by introducing in their case in chief the transcript of the last trial. Could they not? I don't know. I would think that they need to impanel a new capital jury. No, no, I mean before a jury. Oh, before a jury, just on the transcripts? Yeah. I don't know. Pretty basic evidence law that prior testimony is admissible. I assume that you're right and I assume that they would try to come up with new evidence and of course he would have to go through a competency hearing to determine whether he's competent to stand trial now. The old transcript, would there need to be this retroactive competency evaluation? I don't understand. I guess I'm a little bit confused about the question. He'd have to be competent today, right? He would have to be competent today and again I'm not yeah, I don't truly, I cannot answer the question. Let me ask the question differently. Let's assume he was incompetent back then, but he's competent today. They could retry him using the old transcript, could they not? In that, Your Honor, I honestly don't know the answer to that. Here on federal habeas, I don't know about state criminal procedure or whether or not that's possible. That doesn't strike me as particularly fair, but I would imagine yes for witnesses who are dead and unavailable. Assuming no other constitutional error in the original trial. Correct. I don't know the answer to that. I see my light is on, so unless there are no further questions. Thank you for your argument. Thank you. Rebuttal. Very briefly, in response to the questions regarding the any other cases in this circuit about the standard of proof, while it was a case that came up in some discussion over the weekend, so I apologize it's not been briefed by either party, but that Stanley v. Cullen, 633 F 3rd 852, which was a 2011 case from this circuit, and although it does not talk about what the standard of review is for the determination of feasibility, the court did note we see no reason why in this case the State court is not as well qualified as the district court to determine whether it would be feasible. But it was an abuse of discretion standard there, right? Well, Your Honor, I don't think it I'm not sure it was addressed. Did the court specifically say in Stanley? Oh, yes. I'm sorry. It did at the end. It did talk about that it was not an abuse of discretion for the district court to remand for that purpose. That's correct. So therefore it must be a discretionary decision, correct? Yes, Your Honor. But in that case, this court did find that the State court is at least as reasonable for the State court to do it. And again, I apologize that we missed that case in the briefing. With regard to Dr. H, I want to make it clear because Taylor seems as did, we think, the district court to be conflating We are not saying that Dr. H's statement that he found Taylor competent is the be-all, end-all. All we are saying is that is enough, together with the other evidence and the references to records that were made by the various experts in this case to warrant a hearing on competence. And as was noted earlier, if this case goes back as we are asking it to, to avoid to give the State a chance to avoid setting aside what would in all other respects be presumptively a valid judgment on a very brutal murder, if the State court finds that it cannot Well, shouldn't we at least ask the question there? Now hearing your colleague, shouldn't we instead, if we thought the district court abused his discretion, tell him to first determine whether or not there was a constitutional error in the trial on the other arguments or penalty phase on the other arguments they presented? You say it's presumptively valid, but they have a rather wide-ranging attack against it that the district court found it unnecessary to get to. So why shouldn't we, if we think there's a question about the competency issue, why shouldn't we tell the district court to finish up the entire record on this before we send it back? Well, that would certainly be And then we would be 40 years from the trial Yes, Your Honor. And the argument against the retrospective competency hearing would be even stronger, wouldn't it? Yes, Your Honor, and that's why the State would to the extent that a retrospective competency hearing is going to be required at this point. Yeah, but here's my difficulty. If we had a retrospective competency hearing, let's assume one were possible, and the State court found that he was competent, wouldn't the district court then have to reassert jurisdiction in the case to address the remaining constitutional issues raised to it? That's correct, Your Honor, and it would come right back to the district court. Then we would be 40 years away. But the competency hearing would be done, Your Honor. But the district court Taylor is not going to lose a chance to challenge this. And if the State court, on the other hand, finds that it is not possible, it is not feasible once they get it, or that they determine that he was incompetent at the time of trial. The writ issues, and we are at the point of then having to proceed with a new trial with a current competency determination, as Your Honor observed just a few minutes ago. Essentially... Do you have reason to think the State court would come to a different determination on feasibility? Yes, Your Honor, we do. I mean, we think that just the existence of Dr. H's opinion, even if not fleshed out in terms of his report, which is totally reasonable given that that was not what he was assigned to do, he added that in, but yes, we think that there is reason to suspect that it might be feasible. And we certainly all we are asking for is the chance to do that. And I see my time is done. Thank you. The case of Freddie Lee Taylor versus Ron Davis is submitted. We are adjourned for this session.
judges: Ikuta, Hurwitz, Friedland